CASE No. 1077.

## KERCHNER v. SINGLETARY.

1. An order of a Circuit judge unappealed from is binding in subsequent stages of the same cause. There can be no appeal from one Circuit judge to another.

2. The return of appraisers to lay off a homestead was handed to the sheriff, who retained it in his possession for sixteen days, until he received the surveyor's plat, without which the return was imperfect, when he filed both papers with the clerk of court for record, and within thirty days thereafter the creditors served exceptions. *Held,* that the exceptions were taken within the time allowed by law.

3. Where an assignment of four hundred acres of land as a homestead had been, after trial, set aside as excessive, and new appraisers appointed, who assigned the same land and fifty-four acres additional, without affixing any valuation to such homestead tract, the Circuit judge determined that there was good cause shown against this second return, and ordered a new assignment. *Held,* that this court could not disturb this conclusion of the Circuit judge.

4. An order of the Circuit Court setting aside a return of homestead appraisers and directing a new appraisement, does not exhaust the power given to the court by the statute; this power may properly be exercised more than once when necessary to correct erroneous assignments.

---

Before HUDSON, J., Marion, April, 1880.

Francis W. Kerchner and Asa K. Walker, execution creditors, and Robert L. Singletary, execution debtor and claimant of homestead, are the parties to this appeal. To the full statement of the case, made in the opinion of this court, it will be necessary to add nothing, except this—that the return of the appraisers of February 7th, 1880, required a survey to determine the precise boundaries indicated and the number of acres contained.

*Mr. W. W. Harllee,* for appellant.

*Messrs. Johnson & Johnson,* contra.

September 12th, 1881. The opinion of the court was delivered by

McGOWAN, A. J. The plaintiffs had judgments and executions for large sums against the defendant. The plaintiff, Francis W. Kerchner, levied on the land of the defendant, who claimed homestead. Three appraisers were appointed to lay off homestead, and, in December, 1877, two of them made return, assigning as homestead *four hundred acres*, including the dwelling-house. The other appraiser *dissented*. The judgment creditors objected to the returns, both by complaint and exceptions, alleging:

"1. That the return was only signed by *two* of the appraisers, the third being present and dissenting in writing on the return.

"2. That the appraisers did not take the oath prescribed by law.

"3. Because the assignment was excessive, the lands set apart exceeding in value the sum of one thousand dollars."

The defendant demurred, denying the jurisdiction of the court to determine the matter by action, and also answered. At October Term, 1879, Judge Kershaw referred the facts to a jury, reserving the question of law until the question of fact should be determined. The jury found, as matter of fact, that the value of the land assigned as homestead exceeded $1000. Judge Kershaw thereupon ordered " a new assignment," appointing different appraisers thereof. On February 7th, 1880, the new appraisers made return, setting off by metes and bounds four hundred and fifty-four acres as homestead, including the four hundred before assigned, and adding fifty-four acres. The return, without a plat, was handed to the sheriff on the day it was signed, and he retained it until the plat was handed him, February 23d, when he filed both in the clerk's office " for record in court." On March 18th, 1880, plaintiffs again excepted, and March 21st, 1880, filed regular complaint, setting out at length the grounds of objection. The defendant again demurred on the ground that a regular action was not the proper remedy, and also made motion to dismiss the exceptions on the grounds that they were not taken in time, and the return of the appraisers appointed by Judge Kershaw was conclusive on the parties, the

act making no provision for any further proceedings. Judge Hudson sustained the demurrer to the action and dismissed the complaint, but sustained the exceptions of plaintiffs, set aside the return and appointed new appraisers. From this order the plaintiffs appeal because the judge dismissed the complaint, and the defendant also appeals on the following grounds:

"1. Because his Honor erred in holding that the exceptions to the return of the appraisers, dated February 7th, 1880, returned to the sheriff on that day were filed in proper time, and that the same was not filed until February 23d, 1880, when so marked by the clerk.

"2. Because his Honor erred in his decision that the first return, signed by but two of the appraisers, the third being present, participating and dissenting, was null and void, not being signed by the three appraisers.

"3. Because his Honor erred in holding that the failure to insert the value of the lands laid off as the homestead vitiated it, when each of the appraisers was served with a copy of the order of Judge Kershaw, instructing them to admeasure the homestead, not exceeding $1000 in value, and their return in obedience thereto, returning the said order with their return, was a sufficient compliance with the law.

"4. Because his Honor erred in holding that after the second return of appraisers, appointed by the court in November, 1879, the law authorized any further proceedings to set aside the homestead laid off by them, on the ground of its being excessive or otherwise, when, as it is submitted, the homestead act of 1873 makes no provision for any further proceedings, and it is insisted that such second return is final, unless attacked for fraud or misconduct in the appraisers.

"5. Because his Honor erred in holding that the appraisers appointed by the court were bound by the verdict of the jury and the judgment of the court in November, 1879, as to their assignment and valuation of the premises; and it is submitted that it was error in his Honor, Judge Hudson, to set aside the second return without inquiry or evidence touching the same."

From the view the court takes it will not be necessary to consider the respondent's ground of appeal to so much of Judge

Hudson's order as sustained the demurrer and held that a regular action was not the proper way by which to make "complaint" to a return assigning homestead.

The appellant has very properly abandoned his exceptions to the first order of Judge Kershaw. That order was not before Judge Hudson for approval or disapproval, and nothing that he said about it is properly in the case. There is no appeal from one Circuit judge to another. The order was binding upon him. It was not appealed from at the time it was made or until it had been executed by a second return, and cannot now be considered by this court. Judge Hudson could only deal with *the second return*, and our inquiry upon appeal from his order is limited to that. Besides, Judge Kershaw did not rule the law complained of; he set aside the first return simply on a question of fact found by the jury, viz., that the assignment was excessive.

The first exception of appellant to the order of Judge Hudson makes the point that "complaint" as to the homestead assigned was not made in time. The homestead act of 1868, (14 *Stat.* 19), provides that "the appraisers shall be sworn by a justice of the peace to impartially appraise and set off by metes and bounds a homestead of the estate of the debtor, such as he may select, not to exceed the value of $1000; and the said appraisers shall proceed accordingly to set out the homestead, and the set-off and the assignment so made by the appraisers shall be returned by the officer along with said process for record in court, and if no complaint shall be made by either party no further proceedings shall be had against the homestead, but the residue of the lands and tenements of the head of the family, if any more or other he shall have, shall be liable to attachment, levy and sale; provided, that upon good cause shown the court out of which the process issued, may order a re-appraisement and re-assignment of the homestead either by the same appraisers or others appointed by the court," &c.

The act of 1872 (15 *Stat.* 229) changed the above only in allowing for "complaint" *thirty days after return for a record in court.* The return was handed to the sheriff on February 7th, but without the plat. He held it until the plat was completed, February 23d, when he filed both in the "clerk's office for

record." Up to that time the return was incomplete. The cred-
itors could not know that it was made so as to object. *It was
filed for record on February 23d,* and on March 18th the plain-
tiffs made "complaint," both by exceptions and regular action, so
that they were within the "*thirty days*" allowed by law.

The defendant further objects that it was error in Judge Hud-
son to hold that the failure to insert in the return *the value of the
lands* laid off as homestead vitiated said return. It does not
appear that the judge placed his order upon that ground alone.
The words of the act are "*upon good cause shown*" the court out
of which the process issued may order a "re-appraisement and
re-assignment," &c. This charges the Circuit judge with the
responsibility of determining upon the facts whether "good
cause" has been shown. Who else could know whether, in his
judgment, there was "good cause?" That was a matter for the
exercise of his judgment, and if he made a mistake as to what
was "good cause," we do not see how it could be corrected on
appeal as error of law. Various considerations affected his judg-
ment. He says: "Ordinarily where, by exceptions, a question
is raised as to the value of the homestead assigned, a question of
fact is presented which must be determined judicially by the
court, either with or without the aid of a jury, and upon legal
evidence. But in this case it has already been adjudged by the
court, after a tedious hearing, that the same land now assigned
(less fifty-four acres) is worth more than a thousand dollars.
*    *    *    Besides, it is a noticeable fact that the three appraisers
do not fix any value whatever to the large tract allowed to the
debtor; they do not say whether the same is worth a thousand
dollars, or more or less. In this the return is fatally defective."
It is manifest that the judge considered the assignment as exces-
sive, and that, in connection with the fact that the appraisers,
whose duty it was to make *a re-appraisement,* made no mention
whatever of *the value of the land assigned* as homestead, con-
vinced him that there was "good cause" for a new assignment?
The very gist of the matter was that the land assigned should
*not exceed the value of* $1000, and we cannot say that the judge
erred in ruling that there was "good cause" for a new assign-
ment.

The defendant further objects that Judge Kershaw having set aside one return and ordered a new assignment, Judge Hudson had no authority to order another assignment; that the power given by the act was exhausted by the first order.

The act does not declare that the power given shall be limited to one exercise of it. If it had done so, it would have been unusual and extraordinary. We do not think that is the meaning of the act—such construction would limit the power of the court over its own process and subject it to the absolute control of its appointees. The power of the judge under the act to order a new assignment for "good cause," is somewhat analogous to the right to grant a new trial. In the case of *Means* v. *Means,* 6 *Rich.* 1, the old Appeal Court of this state granted *three new trials* in regard to the validity of a will. In granting the last new trial the court says: "Where a valid will is set aside in consequence of the misapprehension of the jury, *or from any other cause,* it is the duty of the court to re-establish it. If the court does not constantly and firmly perform this duty, the property of the citizen may be wrested from him under the forms of law. The verdict is so wholly unsupported by the evidence that the court is constrained to grant the motion for a new trial." So here, the same duty rests upon this court.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.